UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABDY CUEVAS,

Civil Action No.: 6:24-cv-1828

vs.

INJUNCTIVE RELIEF SOUGHT

EQUIFAX INFORMATION SERVICES LLC,

Defendant(s).

_____ /

# COMPLAINT

Plaintiff ABDY CUEVAS, ("Plaintiff"), by and through her attorney, Jonathan Arias, Esq., as and for her Complaint against Defendant EQUIFAX INFORMATION SERVICES LLC hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

## PARTIES

2. Plaintiff ABDY CUEVAS, is a resident of the State of Florida, residing in Orange County.

3. Defendant EQUIFAX INFORMATION SERVICES LLC is a Georgia Corporation with an address at 1550 Peachtree Street, N.W. Atlanta 30309.

4. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p *et seq.* and 28 U.S.C. §2201.   The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff obtained a copy of his credit report on December 15th, 2023, and noticed several accounts reporting with inaccurate information. Based on this information Plaintiff wrote a dispute letter to Defendant dated December 26th, 2023, and mailed certified to Defendant on January 11th, 2024, and received on January 16th, 2024.

8. Plaintiff's letter stated:

   *"THE FOLLOWING ACCOUNT IS WRONG AND INACURRATE INCLUDING HIGH CREDIT LIMIT, BALANCE AND INCOMPLETE PAYMENT HISTORY.  PLEASE DELETE ACCOUNT. GLOBAL LENDING SERVICE ACCOUNT# 200003XXXX"*

9. Defendant responded with a letter dated January 25th, 2024, and verified the accounts.

10. In response, Plaintiff sent a 2nd dispute to Defendant, dated Februaru 23rd, 2024, and sent certified mail on March 21st, 2024. It was received by the Defendant on March 26th, 2024, disputing the undeleted trade lines and requesting a method of verification:

   *"• GLOBAL LENDING SERVICE ACCOUNT# 200003XXXX*

   *To whom it may concern:*

   *This letter is in response to your recent claim that the above creditor(s) verified the account(s) they are reporting is accurate.*

> *Please be advised that I am exercising my rights under FCRA 611(a)(6)(B(iii) which provides that a consumer may request "a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available."*
>
> *In compliance with this method of investigation request, please provide the following:*
>
> *• The description of the procedure used to determine the accuracy and completeness of the information.*
> *• Name, address, and telephone number of each person contacted regarding this alleged debt.*
> *• A copy of any documents provided bearing my signature, showing that I have a legally binding contractual obligation to pay them the exact amount claimed.*
>
> *Any automated response or e-Oscar verification is unacceptable. I am requesting a re-investigation along with your method of verification.*
>
> *The item in question is inaccurate and represents a very serious reporting error.*
>
> *I expect to receive a response within 15 days of receipt of this letter in compliance with the FCRA. If not, I expect this item will be removed from my credit files immediately.*
>
> *Thank you for your prompt attention to this matter. I look forward to resolving this matter as soon as possible."*

11. Defendant responded with a letter dated March 30th, 2024 stating: *"We have received your request concerning inaccurate information on your Equifax credit file. Because the information you provided as proof does not match the information we currently have on your credit file, we ask that you send us a copy of two different items…we need a total of two items …to process your request."*

12. After responding to Plaintiff's prior requests with an investigation and verification, Defendant falsely, and deceptively came to the assessment that Plaintiff could not be identified with the same identification information that was provided in the first dispute letter. Plaintiff provided in both dispute letters his correct name, address, social security number, and date of birth as it appears on his credit report.

13. Defendant failed to do a reasonable investigation.

14. Defendant's methods and procedures for properly identifying Plaintiff are not reasonable, proper, or efficient.

15. Defendant failed to properly investigate the disputed account and failed to respond within the 15-day requirement of the method of verification request, and thereby violated Plaintiff's rights under the FCRA.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

16. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. 15 USC §1681i(a) Reinvestigations of disputed information

    (1) Reinvestigation required

    (A) In general

    Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

18. Defendant violated 15 USC §1681i(a) by failing to properly reinvestigate the disputed account and respond to Plaintiff within the required 30-day period and further to delete the account within the required 30 days.

19. Defendant violated Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure the maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained. By failing to update the credit report, delete and/or remove the disputed accounts as the Plaintiff requested.

20. As a result, Defendant violated 15 USC §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

21. The violation by Defendant of 15 USC §1681e (b) was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

22. After receiving Plaintiff's dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

23. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 USC §1681o.

24. Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a).

25. Such reports contained information about the Plaintiff that was false misleading, and inaccurate.

26. Defendant violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from the Plaintiff's credit files.

27. As a result of Defendant's violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

28. The violations by Defendant of 15 USC §1681i(a) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

29. As a result of Defendant's violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

30. The violations by Defendant of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

31. Defendant violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

32. Defendant violated (15 U.S.C. § 1681I (6)(B)(iii) by not later than 15 days after receiving a request from Plaintiff to provide a method of investigation description or documentation.

33. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney fees from the Defendant(s) in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant, jointly and severally; for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

34. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Defendant:

A. For statutory, actual, and punitive damages provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

B. For attorney's fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C. A Declaration that the Defendant's practices violated the FCRA and,

D.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Respectfully Submitted,

By: /s/_____

**Jonathan S. Arias, Esq.**
Fla. Bar No.: 126137
Attorney Number: 221129
The Onyx Group
8325 N.E. 2nd Ave
Suite 315
Miami, FL 33138
786-504-5760
jarias@theonyx.group